IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KAMAL KARNA ROY a/k/a JUNGLE DEMOCRACY, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civ. Action No. 07-206-SLR |
| CBS INC., CBS RADIO, USA GOVT., NBC, MSNBC, MICROSOFT-CORP. USA, NY GOVT. ALBANY, NJ STATE GOVT. TRENTON NJ, and DON IMUS, ) ) ) ) ) ) ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

At Wilmington this 4th day of May, 2007, this matter having been considered by the court;

IT IS ORDERED that plaintiff's motion for leave to proceed in forma pauperis granted, that this case is dismissed pursuant to 28 U.S.C. § 1915(e), that Kamal Karna Roy (also known as Joseph Geronimo, Jr.) and any entities with which he is affiliated (e.g., Jungle Democracy, Handicap Interests International, and Reforms International) are hereby enjoined from filing, without prior authorization of this court, any complaint, lawsuit, or petition for writ of mandamus, and that the Clerk of the Court is instructed not to accept or file any further documents submitted by plaintiff, for the reasons that follow:

1. **Background.** Plaintiff, a resident of Saranac Lake, New York, is a frequent litigant throughout the United States. He proceeds pro se and the court will grant his

motion for leave to proceed in forma pauperis. (D.I. 1) This is the third case he has filed in this district within the past seven months. The previous cases, Civil Action Nos. 06-503-SLR and 06-685-SLR, were dismissed as frivolous and malicious. The malicious findings were based upon the fact that the complaints contained many of the same allegations and many of the same defendants as in other cases filed by plaintiff, those being Jungle Democracy v. United States of America, Civ. Action No. 06-503-SLR (D. Del. closed Sept. 13. 14, 2006), Roy v. New York, 1:06-cv-00008-SS (W.D. Tx. closed Jan. 20, 2006), Roy v. New York, 7:06-cv-31-GJD (N.D.N.Y. closed Nov. 13, 2006), and Roy v. New York, 1:06-cv-00734-RWS (N.D. Ga. filed Mar. 13, 2006). Additionally, the two previous complaints filed by plaintiff in this district were basically unintelligible.

2. Plaintiff's most recent filing causes the court grave concern. Sewing needles were stuck into two pages of the complaint, each at the top left hand corner of a page, with one near the beginning of the document, and the other one near the end of the document. Each needle was longer than two inches and very sharp. The needles were not readily seen by court personnel when reviewing the incoming document in preparation for docketing.

3. **Standard of Review**. A district court has the power to enjoin vexatious litigants from filing meritless pleadings that duplicate ones already adjudicated. 28 U.S.C. § 1651; See Matter of Packer Ave. Assoc., 884 F.2d 745, 747 (3d Cir. 1989); Yadav v. Surtees, No. 02-3416, 87 Fed.Appx. 271 (3d. Cir. Jan. 27, 2004). This court has the inherent power to protect itself from plaintiff's oppressive and frivolous litigation. See Chambers v. NASCO, Inc., 501 U.S. 32 (1991); see also Institute for Motivational

Living, Inc. v. Doulous Inst. for Strategic Consulting, Inc., No. 03-4177, 2004 WL 2241745, 110 Fed. Appx. 283 (3d Cir. 2004). Also, federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions. Procup v. Strickland, 792 F.2d 1069, 1073 (11th Cir. 1986). Clearly, this court has the responsibility to prevent litigants from unnecessarily encroaching on judicial machinery needed by others. Id. Moreover, this court has the added responsibility of protecting court employees from dangerous conditions while they perform their ordinary, daily tasks.

    4. **Discussion**. In reviewing plaintiff's submissions, it is apparent that he lacks any connection to the State of Delaware. Plaintiff is a resident of New York. In his most recent filing, it does not appear that any of the defendants are located in Delaware or that any acts occurred in Delaware. The current complaint, like the other two filed by plaintiff, is basically unintelligible. Also, similar to the other two complaints filed in this district, it is a "cut and paste" of other lawsuits filed by plaintiff and it contains numerous handwritten, scribbled notes in its margins. It is over 100 pages in length.

    5. This most recent complaint is different in one aspect. It contains new defendants, apparently to address the most recent cause celebre, that being the Don Imus incident. Plaintiff names as defendants news organizations, as well as Don Imus. In reviewing his many cases, it seems to be plaintiff's standard practice to file lawsuits and name defendants depending on what is newsworthy at the time.

    6. Roy is no stranger to litigation. As discussed above, this is the third lawsuit he has filed in this district. Additionally, he has filed numerous other lawsuits throughout the United States and its territories under the names of Roy and Joseph

Geronimo, Jr., as well as entities with which he is affiliated (e.g., Jungle Democracy, Handicap Interests International, Reforms International). PACER, the federal judiciary's electronic public access system, and other case research reveal that, since 1987, plaintiff has filed a huge number of cases, the majority of them dismissed as either frivolous or unintelligible, or for lack of subject matter jurisdiction: Roy v. United States of America, Civ. Action No. 06-685-SLR, 2007 WL 1109296 (D. Del. Apr. 11, 2007) (dismissed as frivolous and malicious); Roy v. New York, 1:07-cv-340-DLI-LB, 2007 WL 602303 (E.D.N.Y. Feb. 20, 2007) (dismissed as nearly incomprehensible and frivolous); Roy v. Barnhart, 4:06-cv-2538 (S.D. Tx. closed Dec. 21, 2006); Roy v. Bush, 2:06-cv-5367-ER (E.D. Pa. closed Dec. 20, 2006) (dismissed as frivolous); Jungle Democracy v. USA Government, No. 06-1281, 206 Fed. Appx. 756 (10th Cir. Dec. 21, 2006) (appeal dismissed because complaint was unintelligible, stated no grounds for relief, and appeal failed to raise a nonfrivolous argument); Jungle Democracy v. State of New York, 7:06-cv-31-NAM-GJD (N.D.N.Y. closed Nov. 14, 2006) (dismissed as patently frivolous on its face); Jungle Democracy v. United States of America, Civ. Action No. 06-503-SLR, 2006 WL 2616213 (D. Del. Sept. 12, 2006) (dismissed as frivolous and malicious); Geronimo v. New York, 1:06-cv-07-JLR (D. Guam closed Mar. 16, 2006) (dismissed for lack of subject matter jurisdiction and utter failure to state a cognizable claim for relief); Jungle Democracy v. No Named Defendants, 1:06-cv-676-ZLW (D. Colo. closed June 13, 2006) (dismissed as complaint makes no sense); Jungle Democracy v. Bush, 2:06-cv-505-RBS, 2006 WL 358654 (E.D. Pa. Feb. 14, 2006) (dismissed as irrational and incomprehensible); Roy v. New York, 1:06-cv-08-SS (W.D. Tx. closed Jan. 20, 2006) (dismissed as frivolous and for failure to establish personal or

subject matter jurisdiction); Roy v. United States, 1:03-cv-8354-MBM (S.D.N.Y. closed Feb. 23, 2005); Handicap Interests Int'l v. United States Gov't, 1:00-cv-7774-MBM (S.D.N.Y. closed Oct. 13, 2000) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)); Handicap Interests Int'l v. United States Gov't, 1:99-cv-3121-TPG (S.D.N.Y. closed Apr. 30 1999) (dismissed pursuant to 28 U.S.C. § 1915(a)); Reforms Int'l v. City of New York, 1:95-cv-7248-RWS (S.D.N.Y. closed Oct. 7, 1995) (case dismissed pursuant to 28 U.S.C. § 1915(d); Handicap Interests Int'l v. United States, 1:95-cv-2152-SAS, 1991 WL 301402 (S.D.N.Y. May 17, 1995) (dismissed as duplicative and by reason of absolute defense of defendants); Handicap Interests Int'l v. United States Dep't of the Army, 1:95-cv-1642-SAS, 1995 WL 117866 (S.D.N.Y. Mar. 17, 1995) (dismissed for lack of injury-in-fact and lack of standing); Reforms Int'l v. City of Los Angeles, 1:94-cv-5204-DLC (S.D.N.Y. closed Nov. 30, 1994) (dismissed pursuant to 28 U.S.C. § 1915(d) for lack of subject matter jurisdiction; clerk of court directed to accept no further filings in the action); Reforms Int'l v. Renquist, 1:94-cv-7198-HB (S.D.N.Y. closed Oct. 20, 1994) (complaint dismissed for lack of subject matter jurisdiction); Reforms Int'l v. Bush, 1:94-cv-5964-PKL-BAL, 1994 WL681890 (S.D.N.Y. Aug. 22, 1994) (complaint dismissed for lack of standing, and appeal dismissed as frivolous); International Siva Consciousness & World Religions v. United States, 1:92-cv-8188-JFK, 1993 WL 322862 (S.D.N.Y. Aug. 18, 1993) (dismissed for lack of subject matter jurisdiction and for failure to state a claim); Geronimo v. New York, No. 91 Civ. 1755(LBS), 1991 WL 254426 (S.D.N.Y. Nov. 15, 1991) (dismissed as there was no basis for assertion of federal jurisdiction); Geronimo v. City of New York, 1:91-cv-1703-LBS, 1991 WL 130923 (S.D.N.Y. July 9, 1991) (dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)); Handicap Interests

Int'l, No. 86 Civ. 8028, 1987 WL 19284 (S.D.N.Y. Oct. 28, 1987) (dismissed as largely incomprehensible and for failure to serve).

7. Recent newly filed cases that are currently open include Roy v. New York, 1:06-cv-00734-RWS (N.D. Ga. filed Mar. 13, 2006); Jungle Democracy v. New York, 1:06-cv-207-WS-B (S.D. Ala. filed Apr. 5, 2006); Roy v. Defendant #1 Unintelligible, 5:07-cv-14-FPS-JES (N.D.W. Va. Jan 26, 2007); Roy v. Bush, 2:07-cv-484-JCC (W.D. Wa. filed Apr. 2, 2007).

8. Plaintiff has established a nationwide pattern of filing complaints which are patently frivolous and vexatious. In this district, he has established the same pattern. With his most recent filing, he has endangered the well-being of court employees by enclosing two dangerous objects hidden in the complaint. This court must ensure that its limited resources are allocated in such a manner as to protect and promote the interests of justice, as well as to protect the health and well-being of its dedicated public servants. Plaintiff should not expect the federal courts to tolerate his repeated abuse of the judicial system, and this court no longer will.

9. **Conclusion.** The motion for leave to proceed in forma pauperis (D.I. 1) is granted. This case is dismissed as frivolous and malicious. Additionally, based upon the foregoing analysis, the court exercises its inherent power to permanently enjoin Kamal Karna Roy (also known as Joseph Geronimo, Jr.), as well as entities with which he is affiliated (e.g., Jungle Democracy, Handicap Interests International, and Reforms International) from further filings in this court. Absent further order of the court, the clerk of the court shall not accept for filing any future complaints and, shall return unopened any mail received from Kamal Karna Roy (also known as Joseph Geronimo,

Jr.) as well as entities with which he is affiliated.

                                                       _____
                                                      UNITED STATES DISTRICT JUDGE